**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| **In re:** | ) | **Chapter 15** |
| | ) | |
| **ASHAPURA MINECHEM LTD.,** | ) | **Case No. 11-14668 (JMP)** |
| | ) | |
| | ) | |
| **Debtor in a Foreign Proceeding.** | ) | |
| | ) | |
| | ) | |
| | ) | |

## ORDER TO SHOW CAUSE
## WITH TEMPORARY RESTRAINING ORDER

Upon the application (the "Application") of Chetan Shah in his capacity as the

foreign representative (the "Petitioner") of Ashapura Minechem Ltd. (the "Company"),

which is subject to a pending bankruptcy proceeding (the "Indian Proceeding") before the

Board for Industrial and Financial Reconstruction (the "BIFR") under the Sick Industrial

Companies (Special Provisions) Act, 1985 ("SICA"), for the entry of an order to show

cause with temporary restraining order pursuant to sections 105(a) and 1519 of title 11 of

the United States Code (the "Bankruptcy Code"), and the scheduling of a hearing (the

"Hearing") on the Petitioner's request for a preliminary injunction enjoining the

commencement or continuation of all proceedings against Ashapura or its assets in the

United States, including *Eitzen Bulk A/S v. Ashapura*, No. 08 Civ. 8319 (AKH)

(S.D.N.Y.); *Eitzen Bulk A/S v. State Bank of India*, No. 09 Civ. 10118 (AKH) (S.D.N.Y.);

*Eitzen Bulk A/S v. Standard Chartered Bank*, No. 10 Civ. 7466 (AKH) (S.D.N.Y.);

*Armada (Singapore) PTE Ltd. v. Ashapura*, No. 10 Civ. 4856 (CM) (S.D.N.Y.); *Armada*

*(Singapore) PTE Ltd. v. Ashapura*, No. 10 Civ. 5509 (EEB) (N.D. Ill.); *AMCOL Int'l*

*Corp. v. Armada (Singapore) PTE Ltd.*, No. 11 Civ. 4888 (JBZ) (N.D. Ill.); and *Eitzen*

*Bulk A/S v. Ashapura*, No. 2011-L-050170 (Ill. Cir. Ct. Cook County) (collectively, the "U.S. Litigations"), and the Court having considered and reviewed the Application, the petition filed by the Petitioner under Chapter 15 of the Bankruptcy Code, and required documents thereto (the "Chapter 15 Petition"), the Declaration of Chetan Shah, the Declaration of Rajesh Bohra, and the Affidavit of Ira Reid, each in support of the Application and the Chapter 15 Petition (collectively the "Supporting Papers"), and based on the foregoing, the Court finds and concludes that a showing has been made as follows:

(a)     The Petitioner has demonstrated a substantial likelihood of success that the Company is subject to a pending foreign main proceeding in India and that the Petitioner is the foreign representative of the Company;

(b)     The commencement or continuation of any action or proceeding in the United States against the Company or any of its assets or proceeds thereof should be temporarily enjoined pursuant to sections 105(a) and 1519 of the Bankruptcy Code to permit the expeditious and economical administration of the foreign estate in the Indian Proceeding, and the relief requested will not cause either an undue hardship or that any hardship to parties in interest is outweighed by the benefits;

(c)     Unless a restraining order is issued, there is a material risk that the Company's assets could be subject to attack by creditors in the U.S., thereby potentially interfering with the jurisdictional mandate of this Court under Chapter 15 of the Bankruptcy Code, and interfering and causing harm to the Petitioner's efforts to administer the Company's estate pursuant to the Indian Proceeding, and undermining the Petitioner's efforts to achieve an equitable result for the benefit of all of the Company's creditors, and as a result, the Company will suffer immediate and irreparable injury for

which it will have no adequate remedy at law and therefore it is necessary that the Court

grant the relief requested without prior notice to parties in interest or their counsel; and

(d)     Venue is proper in this District pursuant to 28 U.S.C. § 1410.

NOW THEREFORE, IT IS HEREBY ORDERED, that all parties in interest

come before the Honorable James M. Peck, United States Bankruptcy Judge, for the

Hearing at 2:00 p.m. on October 17, 2011, at the United States Bankruptcy Court,

Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004,

or as soon thereafter as counsel may be heard, why a preliminary injunction should not be

granted:

(a)     enjoining (i) all persons and entities from commencing or continuing any legal proceeding in the U.S. (including, without limitation, arbitration, or any judicial, quasi-judicial, administrative or regulatory action, proceeding or process whatsoever) (an "Action"), including any discovery, against the Company or against its assets or the proceeds thereof; and (ii) enforcement of any judicial, quasi-judicial, administrative or regulatory judgment, assessment or order or arbitration award against the Company or its assets or the proceeds thereof, and (iii) commencement or continuation of any Action to create, perfect or enforce any lien, setoff or other claim against the Company or against any of its assets or the proceeds thereof;

(b)     enjoining the continuation of the U.S. Litigations, including any discovery, against the Company or against its assets or the proceeds thereof;

(c)     requiring that when informed of these proceedings every person and entity that is a plaintiff in an Action in which the Company is or was named as a party, or as a result of which liability against the Company may be established, place the Petitioner's counsel herein on the master service list of any such action or proceeding and take such other steps as may be necessary to ensure that such counsel receives at the address set forth below in the last paragraph of this Order, (i) copies of any and all documents served by the parties to such action or proceeding or issued by the court, arbitrator, administrator, regulator or similar official having jurisdiction over such action or proceeding, and (ii) any and all correspondence, or other documents circulated to parties listed on the master service list;

(d)     requiring that with respect to any Action in which the Company may have an interest that may become known to the Petitioner in the future (each a "Subsequent Claim"):

(i)     when informed of a Subsequent Claim, counsel for the Petitioner shall serve upon the holder of such claim a copy of the Supporting Papers and this Order or any extension thereof;

(ii)     the holder of a Subsequent Claim will have twenty-one (21) days from service of the Supporting Papers in which to file a response thereto or otherwise be enjoined from commencing or continuing an Action involving the Company, or its assets or the proceeds thereof; and

(iii)     on not less than two (2) business days notice to counsel for the Petitioner, the holder of a Subsequent Claim may file a motion seeking an order of the Court vacating or modifying the injunction entered in this proceeding with respect to such Subsequent Claim, and any such request shall be the subject matter of a hearing as scheduled by the Court and otherwise, the holder of a Subsequent Claim may file objections and be heard by the Court in accordance with the terms of any order of the Court providing for a hearing in the future on any subsequent relief sought by the Petitioner in this case; and it is further

ORDERED, that pending the Hearing, all persons and entities are hereby enjoined from (a) continuing any Action or commencing any additional Action, including discovery, involving the Company, or its assets or the proceeds thereof; (b) enforcing any judicial, quasi-judicial, administrative or regulatory judgment, assessment or order or arbitration award against the Company or its assets, or (c) commencing or continuing any Action to create, perfect or enforce any lien, setoff or other claim against the Company or against any of its property; and it is further

ORDERED, that pending the Hearing, all persons and entities are hereby enjoined from continuing the U.S. Litigations, including taking any discovery, against the Company or against its assets or the proceeds thereof; and it is further

ORDERED, that pursuant to Rule 7065(b) of the Federal Rules of Bankruptcy Procedure, no notice to any person is required prior to entry and issuance of this Order; and it is further

ORDERED, that any party in interest may make a motion seeking relief from or modifying this Order by, on not less than two (2) business days notice to counsel for the Petitioner, filing a motion seeking an order of this Court vacating or modifying the injunction entered in this proceeding, and any such request shall be the subject matter of a hearing as scheduled by the Court and otherwise, any party in interest may file objections and be heard by the Court in accordance with the terms of any order of the Court providing for a hearing in the future on any subsequent relief sought by the Petitioner in this proceeding; and it is further

ORDERED, that pursuant to Rule 7065 of the Federal Rules of Bankruptcy Procedure, the security provisions of Rule 65(c) of the Federal Rules of Civil Procedure be, and the same hereby are, waived; and it is further

ORDERED, that copies of the Supporting Papers (with all exhibits thereto) shall be served upon counsel for the parties in the U.S. Litigations by email this evening and any other interested party that becomes known to the Petitioner by overnight courier by one business day following the time a party is identified by the Petitioner; and it is further

ORDERED, that service in accordance with this Order shall constitute adequate and sufficient service and notice; and it is further

ORDERED, that the Supporting Papers shall also be made available by the Petitioner upon request at the offices of its counsel, Baker & McKenzie LLP, 1114 Avenue of the Americas, New York, New York 10036 (Attention: Ira A. Reid), and it is further

ORDERED, that objections, if any, submitted for the purpose of opposing the Petitioner's request for a preliminary injunction on the terms described above must be

made in writing describing the basis therefore and shall be filed with the Court electronically in accordance with General Order M-182 by registered users of the court's Portable Document Format (PDF), Word Perfect or any other Windows-based word processing format, with hard copy to the Chambers of the Honorable James M. Peck, and served upon Baker & McKenzie LLP, 1114 Avenue of the Americas, New York, New York 10036 (Attention: Ira A. Reid), counsel for the Petitioner, so as to be received on or before October 14, 2011 at 5:00 p.m. (New York time); except that the foregoing is without prejudice to the right of any party-in-interest to seek, upon appropriate notice and hearing, to terminate or limit this temporary restraining order; and it is further

ORDERED, that nothing in this order shall limit the ability of the parties to enter into a stipulation permitting any of the U.S. Litigations to proceed by consent.


Dated: New York, New York
       October 5, 2011


                              *s/ James M. Peck*
                              Honorable James M. Peck
                              United States Bankruptcy Judge